UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ERIC DILLON, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6:23-CV-201-CHB |
| | ) |
| v. | ) |
| | ) |
| WARDEN GILLEY, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Eric Dillon has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

The United States Court of Appeals for the Seventh Circuit succinctly explained Dillon's crimes and resulting prosecution:

> While robbing a convenience store, Eric Dillon gratuitously shot a cashier, who died. He was prosecuted for violating the Hobbs Act, 18 U.S.C. § 1951, and committing murder with a firearm during a crime of violence, 18 U.S.C. § 924(j)(1). After pleading guilty to these charges, Dillon was sentenced to 510 months' imprisonment.

*United States v. Dillon*, 720 F. App'x 310, 310 (7th Cir. 2018) (Mem).

In his Section 2241 petition, Dillon asserts that his trial counsel was constitutionally ineffective for failing to challenge his convictions and sentence on double jeopardy grounds. *See* [R. 1]. He further argues, in apparent reliance upon *United States v. Taylor*, 142 S. Ct. 2015 (2022), that he cannot properly have been found guilty of murder under Section 924(j) because "attempted Hobbs Act robbery does not meet statutory definition of 'crime of violence.'" [R. 1, pp. 3, 5].

The Court does not reach the merits of these claims because it lacks jurisdiction to entertain them at all. Dillon's ineffective assistance claim arises under the Sixth Amendment, and such constitutional claims have never been cognizable in a Section 2241 petition. *Cf. Jones v. Goetz*, 712 F. App'x 722, 727 (10th Cir. 2017); *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003). And the Supreme Court has recently made clear that a habeas petitioner cannot invoke an intervening change in statutory interpretation as a basis for relief in a Section 2241 petition. *Jones v. Hendrix*, 599 U.S. 465, 476 (2023).

Accordingly, the Court **ORDERS** as follows:

1. Eric Dillon's petition for a writ of habeas corpus **[R. 1]** is **DISMISSED** for lack of jurisdiction.

2. This matter is **STRICKEN** from the docket.

This the 17th day of November, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY